# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MICHELLE BRANCATO** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | With Jury Demand |
| **LIBERTY FRUIT COMPANY, INC.** ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, by and through her undersigned counsel of record, submits to the Court her original complaint, and alleges the following:

### JURISDICTION AND VENUE

1. This is a case arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, the American with Disability Act Amendments Act of 2008 (ADAAA), 42 U.S.C. §12101, *et seq.*, 42 U.S.C. § 1981 and MHRA and diversity jurisdiction. As such, Plaintiff has presented a federal question and the court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claim occurred in this District.

### PARTIES

3. Plaintiff Michelle Brancato (Plaintiff) is an individual who resides in Kansas City, Platte County, Missouri 64156.

4. Defendant Liberty Fruit Company, Inc. (Defendant) is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 1247

Argentine Blvd., Kansas City, KS 66105 and is an employer within the meaning of all stated statutes. The Defendant does business in Missouri.

5. Defendant acts through its employees and agents, all of whom were acting in the scope of their employment and/or agency during the events described herein.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff brings this civil action for injunctive and monetary relief to redress injuries resulting from the discriminatory hiring practice of the Defendant visited upon Plaintiff.

7. Plaintiff is a thirty-eight year old white female.

8. Plaintiff began working for Liberty Fruit Company on September 11, 2017. She became head of marketing in January of 2018.

9. Within six months of her employment, one of the owners of Liberty Fruit Company, Allen Caviar, began sexually harassing her. Mr. Caviar was Plaintiff's direct supervisor. The harassment consisted of but not limited to, sexual propositions, requesting she go alone with him on trips to Branson, Missouri and requesting she go on shopping sprees with him. Plaintiff rejected Mr. Caviar's sexual advances.

10. On September 14, 2019, Plaintiff reported the sexual harassment by Mr. Caviar to Stacy McCullough, the Human Resources Director. Ms. McCullough requested that Plaintiff give no written documentation of her involvement in Plaintiff's complaint because she feared losing her job.

11. On October 21, 2019, McCullough stated she had completed the investigation of Plaintiff's complaint and Plaintiff was no longer to directly report to Mr. Caviar, although he remained an owner of the company with no discipline. John McClelland, the CEO, assigned Plaintiff's direct supervisor to be Mike Logan, even though Mr. Logan was not involved with

2

marketing and was unable to assist with marketing projects.

12. From November 2019 to March 2020 Mr. Caviar berated Plaintiff by cussing, dismissing her and being uncommunicative in an attempt to hinder her in her job. On November 4, 2019, Plaintiff reported to Ms. McCullough regarding the retaliation and no action was ever taken as a result of Plaintiff's report.

13. From March 2020 and through most of the time until Plaintiff's departure in November 2020, she worked from home in Missouri because of the pandemic and the fact that she two small school age children who were prevented from attending school because of the pandemic. Plaintiff complained to her supervisor Mr. Logan that Mr. Caviar **refused** to help her regarding pricing and no one else at the company would help her, either. Mr. Caviar refused at times, making it difficult. Plaintiff reported to Mr. McClelland since Mr. Logan was unavailable for support. While Plaintiff continued to work from home in Missouri, Mr. Logan and Mr. Caviar prevented implementing her plans for marketing during the pandemic. Plaintiff's supervisor had other employees perform duties that had been assigned to Plaintiff.

14. In April 2020, the employees received sexual harassment training. Plaintiff did not receive the training and she was unsure who had received it. When Plaintiff requested another link from Ms. McCullough because Plaintiff's link did not work she received no response. In May 2020, Plaintiff's supervisor Mr. Logan refused to respond to Plaintiff's emails about work issues and refused to communicate with Plaintiff. Mr. McClelland took no action to help Plaintiff.

15. In June 2020, Plaintiff was able to return to working in the office in Kansas. Plaintiff was only in the office for three weeks before due to the stress of working in the office she got shingles so she went back to work from home. During the weeks of July 13 and 20, Plaintiff received either no paycheck or partial paychecks. Mr. Logan indicated to Plaintiff that he was

unaware of why she did not receive pay. Plaintiff started experiencing physical problems because of the stress of the work environment.

16. On July 17, 2020, Plaintiff's physician told her that she needed to take at least a week off from work. Plaintiff suffered from shingles for months and it manifested itself throughout her body and was stress-related. Plaintiff needed a reasonable accommodation of continuing working from home. Mr. Logan would not communicate with Plaintiff or answer her emails about taking paid time off.

17. Plaintiff began working from home again in Missouri because of shingles. Plaintiff's doctor insisted she work from home and she needed this as a reasonable accommodation. On August 11, 2020, Ms. McCullough sent Plaintiff an email regarding her stopping working from home due to nobody else was working from home. On August 17, 2020, Mr. Caviar sent an email to one of Plaintiff's Missouri customers and criticized Plaintiff to the customer. Mr. Logan continued to refuse to respond to Plaintiff's work requests.

18. On September 16, 2020, Plaintiff was written up over an incident where she and a male employee went to the wrong location for a video shoot. The male employee received no write up.

19. On many days another employee, Martin Huber, the Food Service Manager, rubbed Plaintiff's back along her bra strap and pretended that he was going to grab Plaintiff's butt. He put his hands in Plaintiff's hair and he took dramatic sniffs of air upon entering her office to smell her. He made sexually sarcastic inuendoes and requested one-on-one lunches where he always insisted on sharing food. Plaintiff complained to Human Resources on October 19, 2020. Mr. Huber had made many lewd and sexual comments to Plaintiff in the past. On October 13, Mr. Huber told Plaintiff he was tempted to feel her butt. Plaintiff complained to management. Nothing

4

happened to Mr. Huber as a result of Plaintiff's complaints against him.

20. On October 19, 2020, Plaintiff submitted examples of the continued retaliation which included Mr. Caviar's conduct hindering her from completing her job. Plaintiff had no support from Mr. Logan, her manager or Mr. McClelland the CEO. Plaintiff frequently would be put down in front of customers or she would be working on a project only to learn that Mr. Caviar had taken over the project for himself.

21. Plaintiff was given an ultimatum to reduce her hours and move her desk away from Mr. Huber's office, or have a possible discussion about leave with a few weeks' severance. Plaintiff chose to leave without taking severance because they were forcing her out.

## COUNT I – SEXUAL HARASSMENT
## IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

22. Plaintiff hereby incorporates the allegations contained in paragraphs 1-21 into Count I of her Complaint.

23. During Plaintiff's employment with Defendant, Plaintiff was subjected to a hostile and offensive work environment based on her sex, female, by her direct supervisor, Mr. Caviar and the Food Service Manager, Mr. Huber which constituted a continuing pattern of unwelcome harassment, which she found and which a reasonable person would find to be offensive and which altered terms, privileges, and/or conditions of her employment.

24. All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

25. Because of the egregious harassment Plaintiff has faced and as a direct and proximate cause of the unlawful conduct of Defendants and its agents, Plaintiff has suffered severe bouts of depression, emotional distress, embarrassment, degradation, humiliation, anxiety, trauma,

5

loss of enjoyment, loss of sleep, pain and suffering, past and future wages and benefits, career damage and detrimental career potential, and other non-pecuniary losses.

26. The conduct of Defendant and its agents was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

27. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for actual, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II – SEXUAL HARASSMENT - TITLE VII

28. Plaintiff hereby incorporates the allegations contained in paragraphs 1-27 into Count II of her Complaint.

29. During Plaintiff's employment with Defendant, Plaintiff was subjected to a hostile and offensive work environment based on her sex, female, by her direct supervisor, Mr. Caviar and the Food Service Manager, Mr. Huber which constituted a continuing pattern of unwelcome harassment, which she found and which a reasonable person would find to be offensive and which altered terms, privileges, and/or conditions of her employment.

30. All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

31. Because of the egregious harassment Plaintiff has faced and as a direct and proximate cause of the unlawful conduct of Defendants and its agents, Plaintiff has suffered severe

6

Case 5:21-cv-06083-DGK   Document 1   Filed 07/20/21   Page 6 of 13

bouts of depression, emotional distress, embarrassment, degradation, humiliation, anxiety, trauma, loss of enjoyment, loss of sleep, pain and suffering, past and future wages and benefits, career damage and detrimental career potential, and other non-pecuniary losses.

32. The conduct of Defendant and its agents was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

33. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for actual, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT III - RETALIATION
## IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

34. Plaintiff hereby incorporates the allegations contained in paragraphs 1-33 into Count III of her Complaint.

35. Plaintiff engaged in protected activity by, including without limitation, asserting rights related to her disability and disability discrimination claim, including requests for reasonable accommodation.

36. As a result of engaging in this protected activity, Plaintiff has been retaliated against and subjected to discrimination and adverse employment actions, including the actions alleged in Count I, *supra.*

37. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past

7

and future wages and benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

38. The conduct of Defendant was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

39. Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, for actual, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT IV – RETALIATION - TITLE VII

40. Plaintiff hereby incorporates the allegations contained in paragraphs 1-39 into Count IV of her Complaint.

41. Plaintiff engaged in protected activity by, including without limitation, asserting rights related to her disability and disability discrimination claim, including requests for reasonable accommodation.

42. As a result of engaging in this protected activity, Plaintiff has been retaliated against and subjected to discrimination and adverse employment actions, including the actions alleged in Count I, *supra.*

43. As a direct and proximate result of the unlawful conduct of Defendant as set forth

herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

44. The conduct of Defendant was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

45. Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, for actual, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT V – RETALIATION - ADA

46. Plaintiff hereby incorporates the allegations contained in paragraphs 1-45 into Count V of her Complaint.

47. Plaintiff engaged in protected activity by, including without limitation, asserting rights related to her disability and disability discrimination claim, including requests for reasonable accommodation.

48. As a result of engaging in this protected activity, Plaintiff has been retaliated against and subjected to discrimination and adverse employment actions, including the actions alleged in Count I, *supra.*

49. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

50. The conduct of Defendant was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

51. Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, for actual, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT VI - DISABILITY DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

52. Plaintiff incorporates by reference the allegations of paragraphs 1 through 51 into Count VI of her Complaint.

53. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commissions (EEOC) and Missouri Commission on Human Rights (MCHR) alleging that the Defendant engaged in discriminatory and/or retaliatory actions that are being raised in this lawsuit or, alternatively, all conduct alleged herein would have arisen from the investigation of

such Charge.

54. Plaintiff has fulfilled all conditions precedent to the bringing of this claim and is waiting for the right-to-sue letter and will have duly exhausted all administrative procedures prior to instituting this lawsuit in accordance with the law.

55. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

56. The conduct of Defendant was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

57. Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, for actual, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

### COUNT VII - DISABILITY DISCRIMINATION - ADA

58. Plaintiff incorporates by reference the allegations of paragraphs 1 through into Count VII of her Complaint.

59. Plaintiff filed a timely Charge of Discrimination with the Equal Employment

Opportunity Commissions (EEOC) and Missouri Commission on Human Rights (MCHR) alleging that the Defendant engaged in discriminatory and/or retaliatory actions that are being raised in this lawsuit or, alternatively, all conduct alleged herein would have arisen from the investigation of such Charge.

60. Plaintiff has fulfilled all conditions precedent to the bringing of this claim and is waiting for the right-to-sue letter and will have duly exhausted all administrative procedures prior to instituting this lawsuit in accordance with the law.

61. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

62. The conduct of Defendant was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

63. Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, for actual, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all of the allegations contained in this Complaint that are triable before a jury.

Respectfully Submitted,

**BRATCHER GOCKEL LAW, L.C.**

By */s/ Lynne Jaben Bratcher*
 Lynne Jaben Bratcher, Mo. Bar No.: 31203
 Marie Lynn Gockel, Mo. Bar No.: 31208
 Erin N. Vernon, Mo. Bar No.: 64590
 4014 B South Lynn Court
 Independence, MO 64055
 Ph: (816) 221-1614
 Fax: (816) 421-5910
 E-Mail: lynne@bgklawyers.com
 marie@bgklawyers.com
 erin@bgklawyers.com

**ATTORNEYS FOR PLAINTIFF**

13

Case 5:21-cv-06083-DGK   Document 1   Filed 07/20/21   Page 13 of 13